UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| United States of America, | No. 2:19-cr-20051 |
| Plaintiff, | Hon. Terrence G. Berg |
| v. | |
| D-1 Victor Hernandez, | **Offense:** Count One: 18 U. S. C. § 4 |
| Defendant. | **Mandatory Minimum:** None |
| | **Maximum Penalty:** 3 years |
| | **Maximum Fine:** Not to exceed $250,000.00 |
| | **Mandatory Supervised Release:** Not more than one year. |

# Rule 11 Plea Agreement

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant Victor Hernandez and the government agree as follows:

1. **Guilty Plea**

    A.  **Count of Conviction**

Defendant will enter a plea of guilty to Count One of the Information, which charges him with Misprision of a Felony, in violation of 18 U. S. C. § 4.

B. **Elements of Offense**

The elements of Count One are as follows:

1. A federal felony was committed, specifically, ~~conspiracy to~~ possession with the intent to distribute a controlled substance;
2. The Defendant had knowledge of the commission of that felony;
3. The Defendant failed to notify an authority as soon as possible;
4. The Defendant committed an affirmative act, as charged, to conceal the crime.

[handwritten initials/date: 02/28/19]

C. **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty plea:

On January 29, 2018, a federal felony was committed, specifically the Defendant, Victor Hernandez, possessed with the intent to distribute a quantity of cocaine. Hernandez admits that he knowingly committed that felony.

On June 20, 2018, the Defendant, Victor Hernandez, was arrested pursuant to a State of Michigan felony arrest warrant. Hernandez was questioned about certain properties, and when asked about an apartment at 2900 Jefferson, materially misrepresented his knowledge of, and prior visits to, the property, to conceal the fact he had previously possessed cocaine within the 2900 Jefferson apartment.

Hernandez now admits and affirms that a federal felony, specifically, possession with the intent to distribute a controlled substance, was committed, and

that he had knowledge of the offense. Furthermore, Hernandez now admits that he did not notify the authorities as soon as possible and additionally concealed from detection the ~~conspiracy~~ *possession*, by materially misrepresenting the nature of certain residences while being questioned by law enforcement.

*[handwritten annotations: "possession", "NW", initials "byR 02/28/19"]*

2.  **Sentencing Guidelines**

    A.  **Standard of Proof**

    The Court will find sentencing factors by a preponderance of the evidence.

    B.  **Agreed Guideline Range**

    There are no sentencing guideline disputes. Except as provided below, the defendant's guideline range is 18 to 24 months, as set forth on the attached worksheets. If the Court finds:

    1. That defendant's criminal history category is higher than reflected on the attached worksheets, or

    2. that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than 18 to 24 months, the higher guideline range becomes the **agreed range**. However, if the Court finds that

defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different from any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections 1) and 2), above.

3. **Sentence**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

    A. **Imprisonment**

The sentence of imprisonment in this case may not exceed ~~three years (36 months)~~ 24, ~~the statutory maximum sentence~~.

    B. **Supervised Release**

A term of supervised release follows the term of imprisonment. The Court must impose a term of supervised release, which in this case is not more than one year. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that result from any later revocation of supervised release.

C. **Special Assessment**

Defendant will pay a special assessment of $100.00 at the time of sentencing.

D. **Restitution**

Restitution is not applicable to this case.

4. **Other Charges**

The government agrees not to prosecute the defendant for violations of 21 U.S.C. §§ 846 and 841.

5. **Forfeiture and Disposition of Firearms**

Defendant acknowledges that the following firearms were seized by law enforcement in connection with this case:

A. SCCY CPX-2 Pistol, Serial Number 204177, and

B. Sig Sauer P220, Serial Number G215867.

With respect to the SCCY CPX-2 Pistol, Serial Number 204177 (the "Pistol"), Defendant agrees to the non-judicial and/or judicial forfeiture of the firearm, and has completed and signed a Consent to Forfeiture and Waiver of Timely Notice in the form attached hereto. Defendant gives up all right, title and interest, if any, in the Pistol and agrees not to contest and/or file any claim or petition in any non-judicial and/or judicial forfeiture proceeding relative to the Pistol. Defendant agrees not to assist anyone else in contesting the non-judicial or judicial forfeiture of the Pistol.

With respect to the Sig Sauer P220, Serial Number G215867 (the "Sig Sauer"), which was reported stolen to the Sterling Heights Police Department in 2017, Defendant hereby forfeits, abandons and releases any interest, if any, that he has or had in the Sig Sauer and agrees that the firearm will be disposed of in accordance with FBI Detroit's policies and/or practices regarding stolen firearms. Defendant acknowledges that the Sig Sauer may ultimately be destroyed and consents to the destruction if that is ultimately the disposition of the firearm.

Defendant hereby releases and forever discharges the United States of America, the FBI, and their respective agencies, agents and employees from any and all claims, rights or causes of action, damages, expenses and costs, which Defendant has or may have concerning the seizure, detention, forfeiture and/or other disposition of the above-listed firearms.

Defendant knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives his right to challenge any failure by the court to advise him of his rights with respect to forfeiture, set forth in Fed.R.Crim.P. 11(b)(1)(J).

6. **Use of Withdrawn Guilty Plea**

If the Court allows defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

7. **Each Party's Right to Withdraw from This Agreement**

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Paragraph 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Paragraph 3.

8. **Appeal Waiver**

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed 18 to 24 months, the defendant also waives any right he may have to appeal his sentence on

any grounds. If the defendant's sentence of imprisonment is at least 18 months, the government waives any right it may have to appeal the defendant's sentence.

This waiver does not bar filing a claim of ineffective assistance of counsel in court.

9. **Consequences of Withdrawal of Guilty Plea or Vacation of Conviction**

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

10. **Parties to Plea Agreement**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

11. **Collateral Consequences of Conviction**

Defendant understands that his conviction here may carry additional consequences under federal and state law, including the potential loss of the right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. Defendant further understands that, if he is not a native-born citizen of the United States, there may be adverse immigration consequences resulting from conviction. These include possible removal from the United States, denial of citizenship, denaturalization, denied admission to the United States in the future and other possible consequences. Defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of defendant's conviction on any of these matters. Defendant nevertheless affirms that he chooses to plead guilty regardless of any immigration consequences or other collateral consequences of his conviction.

12. **Scope of Plea Agreement**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before

defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

13. **Acceptance of Agreement by Defendant**

The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

Matthew Schneider
United States Attorney

_____
Julie Beck
Assistant United States Attorney
Chief, Drug Task Force

_____
Robert Jerome White
Assistant United States Attorney

Date: November 28, 2018

By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

_____
Brandy Robinson
Attorney for Defendant

_____
Victor Hernandez
Defendant

02/28/19
Date:

2/28/19
Date:

## CONSENT TO ADMINISTRATIVE FORFEITURE
## AND WAIVER OF NOTIFICATION

I, Victor Hernandez, hereby voluntarily consent to the administrative forfeiture of the following property:

**SCCY CPX-2 Pistol, Serial Number 204177**

I understand that pursuant to 18 U.S.C. § 983, the FBI is required to send notice in non-judicial civil forfeiture matters. Having been advised of my rights regarding notice, I hereby knowingly and voluntarily waive my right to such notice being sent and waive my right to the return of the property based on any failure to send such notice. I voluntarily waive all constitutional, legal and equitable claims arising out of and/or defenses to the forfeiture of this property in any judicial or non-judicial proceeding, including any claim of innocent ownership and any claim or defense under the Eighth Amendment, including any claim of excessive fine. I agree not to contest or assist anyone else in contesting the forfeiture on any other ground. I further agree not to petition or assist anyone else in petitioning for the remission or mitigation of the forfeiture.

I hereby agree to unconditionally release and hold harmless the FBI, its officers, employees and agents, from any and all claims, demands, damages, cause of actions or suits, of whatever kind and description, and wheresoever situated, that might now exist or hereafter exist by reason of or growing out of or affecting, directly or indirectly, the seizure of the above described property.

***Party Consenting to Forfeiture:***

Name: Victor Hernandez

Address: 800 Robinson

Telephone: 313-208-9612

Signature: *[signed]*

Date: 2/1/19

_____

**FBI Representative**

# WORKSHEET A
## OFFENSE LEVEL

Defendant __Victor Hernandez__                              District/Office __Eastern District of Michigan__

Docket Number __2:19-cr-20051-TGB__

Count Number(s) __1__                   U.S. Code Title & Section __18__ : __4__ ; _____ : _____

*Guidelines Manual* Edition Used: 20__16__ (*Note:* The Worksheets are keyed to the November 1, 2016 *Guidelines Manual*)

### INSTRUCTIONS
Complete a separate Worksheet A for each count of conviction or as required in a situation listed at the bottom of Worksheet B.*
*Exceptions*: Use only a single Worksheet A where the offense level for a group of closely related counts is based primarily on aggregate value or quantity (*see* §3D1.2(d)) or where a count of conspiracy, solicitation, or attempt is grouped with a substantive count that was the sole object of the conspiracy, solicitation, or attempt (*see* §3D1.2(a) & (b)).

### 1. Offense Level (See Chapter Two)
Enter the applicable base offense level and any specific offense characteristics from Chapter Two and explain the bases for these determinations. Enter the sum in the box provided.

| Guideline | Description | Level |
|---|---|---|
| 2D1.1(c) | greater than 400, but less than 500 grams of cocaine | 22 |
| 2D1.1(b)(1) | a dangerous weapon (including a firearm) was possessed | 2 |
| 2D1.1(b)(13) | defendant maintained a premises for hte purpose of distributing a controlled substance | 2 |
| 2X4.1 | but see 2X4.1, reduce by 9 levels | -9 |

If the Chapter Two guideline requires application of a cross reference or other reference, an additional Worksheet A may be needed for that analysis. *See* §1B1.5.     Sum __17__

### 2. Victim-Related Adjustments (See Chapter Three, Part A)
Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If no adjustment is applicable, enter "0".     § _____     __0__

### 3. Role in the Offense Adjustments (See Chapter Three, Part B)
Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If the adjustment reduces the offense level, enter a minus (–) sign in front of the adjustment. If no adjustment is applicable, enter "0".     § _____     __0__

### 4. Obstruction Adjustments (See Chapter Three, Part C)
Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If no adjustment is applicable, enter "0".     § _____     __0__

### 5. Adjusted Offense Level
Enter the sum of Items 1–4. If this Worksheet A does not cover all counts of conviction or situations listed at the bottom of Worksheet B, complete Worksheet B. Otherwise, enter this result on Worksheet D, Item 1.     __17__

[✓] Check here if **all** counts (*including* situations listed at the bottom of Worksheet B)* are addressed on this one Worksheet A. If so, no Worksheet B is used.

[ ] If the defendant has no criminal history, enter "I" here and on Worksheet D, Item 4. No Worksheet C is used.

# WORKSHEET B
## MULTIPLE COUNTS*

Defendant **Victor Hernandez**                          Docket Number **2:19-cr-20051-TGB**

### INSTRUCTIONS

**STEP 1:** Determine if any of the counts group under §3D1.2(a)–(d) ("the grouping rules"). All, some, or none of the counts may group. Some of the counts may have already been grouped in the application under Worksheet A, specifically: (1) counts grouped under §3D1.2(d); or (2) a count charging conspiracy, solicitation, or attempt that is grouped with the substantive count of conviction (*see* §3D1.2(a)). Explain the reasons for grouping:

_____
_____

**STEP 2:** Using the box(es) provided below, for each group of "closely related counts" (*i.e.*, counts that group together under any of the four grouping rules), enter the highest adjusted offense level from Item 5 of the various Worksheets "A" that comprise the group. See §3D1.3. Note that a "group" may consist of a single count that has not grouped with any other count. In those instances, the offense level for the group will be the adjusted offense level for the single count.

**STEP 3:** Enter the number of units to be assigned to each group (*see* §3D1.4) as follows:
- One unit (1) for the group of counts with the highest offense level
- An additional unit (1) for each group that is equally serious or 1 to 4 levels less serious
- An additional half unit (1/2) for each group that is 5 to 8 levels less serious
- No increase in units for groups that are 9 or more levels less serious

1. **Adjusted Offense Level for the First Group of Counts**

    Count number(s) _____                                    ☐ _____ Unit

2. **Adjusted Offense Level for the Second Group of Counts**

    Count number(s) _____                                    ☐ _____ Unit

3. **Adjusted Offense Level for the Third Group of Counts**

    Count number(s) _____                                    ☐ _____ Unit

4. **Adjusted Offense Level for the Fourth Group of Counts**

    Count number(s) _____                                    ☐ _____ Unit

5. **Adjusted Offense Level for the Fifth Group of Counts**

    Count number(s) _____                                    ☐ _____ Unit

6. **Total Units**

                                                                   _____ **Total Units**

7. **Increase in Offense Level Based on Total Units** (See §3D1.4)

    | 1 unit:    | no increase    | 2½ – 3 units:      | add 3 levels |
    | 1½ units:  | add 1 level    | 3½ – 5 units:      | add 4 levels |
    | 2 units:   | add 2 levels   | More than 5 units: | add 5 levels |
                                                                   ☐

8. **Highest of the Adjusted Offense Levels from Items 1–5 Above**

                                                                   ☐

9. **Combined Adjusted Offense Level** (See §3D1.4)

    Enter the sum of Items 7 & 8 here and on Worksheet D, Item 1.   ☐

*Note: Worksheet B also includes applications that are done "as if there were multiple counts of convictions," including: multiple-object conspiracies (see §1B1.2(d)); offense guidelines that direct such application (e.g., §2G2.1(d)(1) (Child Porn Production)); and stipulations to additional offenses (see §1B1.2(c)). Note also that these situations typically require the use of multiple Worksheets A.

# WORKSHEET C
# CRIMINAL HISTORY
[Page 1 of 2]

Defendant: Victor Hernandez        Docket Number: 2:19-cr-20051-TGB

*Note: As an aid, some of the basic criminal history "rules" are listed below. However, there are numerous additional criminal history rules at §§4A1.1 and 4A1.2 that must be used with Worksheet C and for correct application.*

**Enter the Earliest Date of the Defendant's Relevant Conduct** _____
(The date of *the defendant's commencement of the instant offense*(s))

### 1. Prior Sentences Resulting from Offenses Committed Prior to the Defendant's 18th Birthday

(a) **3 Points** if convicted as an *adult*, for each prior sentence of imprisonment *exceeding one year and one month* imposed within 15 years of the defendant's earliest date of relevant conduct or resulting in incarceration during any part of that 15-year period. See §§4A1.1(a) and 4A1.2(d)(1) & (e)(1).

(b) **2 Points** for each prior *adult or juvenile sentence* of confinement of *at least 60 days* not counted under §4A1.1(a) imposed within 5 years or from which the defendant was released from confinement within 5 years of the defendant's earliest date of relevant conduct. See §§4A1.1(b) and 4A1.2(d)(2)(A).

(c) **1 Point** for each prior *adult or juvenile sentence* not counted under §4A1.1(a) or §4A1.1(b) imposed within 5 years of the defendant's earliest date of relevant conduct. See §§4A1.1(c) and 4A1.2(d)(2)(B).

*Note: Identify as "adult" any sentence exceeding one year and one month that resulted from an adult conviction.
A release date is required in only two instances: (1) when a sentence covered under §4A1.1(a) was imposed more than 15 years prior to the defendant's earliest date of relevant conduct but resulted in the defendant being incarcerated during any part of such 15-year period; or (2) when a sentence counted under §4A1.1(b) was imposed more than 5 years prior to the defendant's earliest date of relevant conduct, but release from confinement occurred within such 5-year period.*

| Date of Imposition | Offense | Sentence | Release Date | Guideline Section | Criminal History Points |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

### 2. Prior Sentences Resulting from Offenses Committed On or After the Defendant's 18th Birthday

(a) **3 Points** for each prior sentence of imprisonment *exceeding one year and one month* imposed within 15 years of the defendant's earliest date of relevant conduct or resulting in incarceration during any part of that 15-year period. See §§4A1.1(a) and 4A1.2(e)(1).

(b) **2 Points** for each prior sentence of imprisonment of *at least 60 days* not counted under §4A1.1(a) imposed within 10 years of the defendant's earliest date of relevant conduct. See §§4A1.1(b) and 4A1.2(e)(2).

(c) **1 Point** for each prior sentence not counted under §4A1.1(a) or §4A1.1(b) imposed within 10 years of the defendant's earliest date of relevant conduct. See §§4A1.1(c) and 4A1.2(e)(2).

*Note: A release date is required when a sentence covered under §4A1.1(a) was imposed more than 15 years prior to the defendant's earliest date of relevant conduct but resulted in the defendant being incarcerated during any part of such 15-year period.*

| Date of Imposition | Offense | Sentence | Release Date | Guideline Section | Criminal History Points |
|---|---|---|---|---|---|
| 3/17/10 | assault with a dangerous weapon | 30 months probation | na |  | 1 |
| 9/22/10 | child support - failing to pay | 60 months probation | na |  | 1 |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

# Worksheet C — Criminal History [Page 2 of 2]

Defendant: Victor Hernandez    Docket Number: 2:19-cr-20051-TGB

(continued from *Sentences Resulting from Offenses Committed On or After the Defendant's 18th Birthday*)

| Date of Imposition | Offense | Sentence | Release Date | Guideline Section | Criminal History Points |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**3. Sum of Criminal History Points for prior sentences under §4A1.1(a), (b), & (c) in Items 1 & 2**

A total of 4 points can be added for all the 1-Point sentences counted in Items 1 & 2 combined. **2**

**4. "Status" of Defendant at Time of Instant Offense**

**2 Points** for "status" if the defendant committed any part of the instant offense (*i.e.*, any relevant conduct) while under any criminal justice sentence (*e.g.*, probation, parole, supervised release, imprisonment, work release, or escape status) for a sentence counted in Items 1 or 2. See §4A1.1(d) and Application Note 4. List the type of control and identify the counted sentence that resulted in the control. Otherwise, enter **0 Points**. **0**

**5. Crimes of Violence**

**1 Point** for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under §4A1.1(a), (b), or (c) because such sentence was counted as a single sentence which also included another sentence resulting from a conviction for a crime of violence. A total of 3 points can be added under this subsection. See §4A1.1(e) and Application Note 5, and §4A1.2(a)(2) & (p). Identify the crimes of violence and briefly explain why the cases are considered a single sentence. Otherwise, enter **0 Points**. **0**

**4. Total Criminal History Points** (Sum of Items 3–5) **2**

**5. Criminal History Category** (Enter here and on Worksheet D, Item 4)

| Total Points | Criminal History Category |
|---|---|
| 0–1 | I |
| 2–3 | II |
| 4–6 | III |
| 7–9 | IV |
| 10–12 | V |
| 13 or more | VI |

**II**

# WORKSHEET D
# DETERMINING THE SENTENCE
[Page 1 of 4]

Defendant: Victor Hernandez    Docket Number: 2:19-cr-20051-TGB

1. **Adjusted Offense Level** (From Worksheet A or B)
   If Worksheet B is required, enter the result from Worksheet B, Item 9. Otherwise, enter the result from Worksheet A, Item 5.    **17**

2. **Acceptance of Responsibility** (See Chapter Three, Part E)
   Enter the applicable reduction of 2 or 3 levels. If no adjustment is applicable, enter "0".    **−3**

3. **Offense Level Total** (Item 1 less Item 2)    **14**

4. **Criminal History Category** (From Worksheet A or C)
   Enter the result from Worksheet C, Item 8, unless the defendant has no criminal history, and as directed at the bottom of Worksheet A, no Worksheet C is used and "I" is entered here.    **2**

5. **Terrorism; Career Offender; Criminal Livelihood; Armed Career Criminal; Repeat and Dangerous Sex Offender** (See Chapter Three, Part A, and Chapter Four, Part B)

   a. **Offense Level Total**
      If the provision for Career Offender (§4B1.1), Criminal Livelihood (§4B1.3), Armed Career Criminal (§4B1.4), or Repeat and Dangerous Sex Offender (§4B1.5) results in an offense level total higher than Item 3, enter the offense level total. Otherwise, enter "N/A".

   b. **Criminal History Category**
      If the provision for Terrorism (§3A1.4), Career Offender (§4B1.1), Armed Career Criminal (§4B1.4), or Repeat and Dangerous Sex Offender (§4B1.5) results in a criminal history category higher than Item 4, enter the applicable criminal history category. Otherwise, enter "N/A".

6. **Guideline Range from Sentencing Table**
   Enter the applicable guideline range from Chapter Five, Part A, in months.    **18** to **24**

7. **Restricted Guideline Range** (See Chapter Five, Part G)
   If the statutorily authorized maximum sentence or the statutorily required minimum sentence restricts the guideline range (Item 6) (see §§5G1.1 and 5G1.2), enter either the restricted guideline range or any statutory maximum or minimum penalty that would modify the guideline range. Otherwise, enter "N/A".    **0** to **36**

   ☐ Check here if §5C1.2 (Limitation on Applicability of Statutory Minimum Penalties in Certain Cases) and 18 U.S.C. § 3553(e) – "The Safety Valve" – are applicable.

8. **Undischarged Term of Imprisonment; Anticipated State Term of Imprisonment** (See §5G1.3)

   ☐ If the defendant is subject to an undischarged term of imprisonment, or an anticipated state term of imprisonment, check this box. Below list the undischarged/anticipated term(s), the applicable section of §5G1.3 and its direction or guidance as to whether the instant federal sentence is to be imposed to run concurrently or consecutively to the undischarged/anticipated term(s), and any sentence adjustment.

# Worksheet D — Determining the Sentence [Page 2 of 4]

Defendant: Victor Hernandez   Docket Number: 2:19-cr-20051-TGB

## 9. Sentencing Options (See Chapter Five, Sentencing Table and §§5B1.1(a) and 5C1.1)

Check the applicable box that corresponds to the Guideline Range entered in Item 6 or Item 7, if applicable.

☐ **Zone A** (See §§5B1.1(a)(1) & 5C1.1(a) & (b))

If checked, the following options are available:

- Fine (See §§5C1.1(b) & 5E1.2(a))
- "Straight" Probation (See §§5B1.1(a)(1) & 5C1.1(b))
- Imprisonment (See §5C1.1(a) & (c)(1))

☐ **Zone B** (See §§5B1.1(a)(2) & 5C1.1(a) & (c))

If checked, *the minimum term may be satisfied by*:

- Imprisonment (See §5C1.1(a) & (c)(2))
- Imprisonment of **at least one month plus supervised release** with a condition that substitutes community confinement or home detention for imprisonment (See §5C1.1(c)(2))
- Probation with a condition that substitutes intermittent confinement, community confinement, or home detention for imprisonment (See §§5B1.1(a)(2) and 5C1.1(c)(3))

☐ **Zone C** (See §5C1.1(a) & (d))

If checked, *the minimum term may be satisfied by*:

- Imprisonment (See §5C1.1(a) & (d)(1))
- Imprisonment of **at least one-half of the minimum term plus supervised release** with a condition that substitutes community confinement or home detention for imprisonment (See §5C1.1(d)(2))

☑ **Zone D** (See §5C1.1(a) & (f))

If checked, *the minimum term is to be satisfied by* a sentence of imprisonment

## 10. Length of Term of Probation (See §5B1.2)

If probation is imposed, the guideline for the length of such term of probation is: (Check the applicable box)

☑ At least one year, but not more than five years if the offense level total is 6 or greater.

☐ No more than three years if the offense level total is 5 or less.

# Worksheet D — Determining the Sentence [Page 3 of 4]

Defendant: Victor Hernandez  Docket Number: 2:19-cr-20051-TGB

## 11. Supervised Release (See §§5D1.1 and 5D1.2)

a. **Imposition of a Term of Supervised Release:**

☐ Ordered because required by statute (See §5D1.1(a)(1)).

☐ Ordered because a sentence of imprisonment of more than one year is imposed (See §5D1.1(a)(2)).

☐ Is *not* ordered although a sentence of more than one year is imposed, because it is not required by statute *and* the defendant likely will be deported after imprisonment (See §5D1.1(c)).

☐ Ordered because it may be ordered in any other case (See §5D1.1(b)).

b. **Length of Term of Supervised Release**

Check the Class of the Offense:

☐ Class A or B Felony: Two to Five Year Term (See §5D1.2(a)(1))

☐ Class C or D Felony: One to Three Year Term (See §5D1.2(a)(2))

☑ Class E Felony or Class A Misdemeanor: One Year Term (See §5D1.2(a)(3))

☐ If a statutorily required mandatory minimum term of supervised release for the offense impacts the guideline range for the applicable Class of Offense above, also check this box, and list the statutory minimum term (See §5D1.2(c)):

_____ years mandatory minimum term of supervised release

☐ If an offense in 18 U.S.C. § 2332b(g)(5)(B) that resulted in, or created a foreseeable risk of, death or serious bodily injury to another person; or if a sex offense, the term of supervised release will not be less than the minimum term established above, and may be up to life (See §5D1.2(b)).

Policy Statement: If a sex offense, the *statutory maximum term* of supervised release is recommended.

## 12. Restitution (See §5E1.1)

a. If restitution is applicable, enter the amount. Otherwise enter "N/A" and the reason:
NA.

b. Enter whether restitution is statutorily mandatory or discretionary:
NA.

c. Enter whether restitution is by an order of restitution, or *solely* as a condition of supervision. Enter the authorizing statute:
NA.

# Worksheet D — Determining the Sentence [Page 4 of 4]

Defendant: Victor Hernandez   Docket Number: 2:19-cr-20051-TGB

### 13. Fines (The Guideline Range for Fines for Individual Defendants) (See §5E1.2)

**a. Special Fine Provisions**

☐ Check box if any of the counts of conviction is for a statute with a special fine provision. (This *does not* include the general fine provisions of 18 USC § 3571(b)(2) & (d)).

Enter the sum of statutory maximum fines for all such counts.   Maximum: $ _____

**b. Fine Table (§5E1.2(c)(3))**
Enter the minimum and maximum fines.   Minimum: $ _____   Maximum: $ _____

**c. Fine Guideline Range**
(Determined by the minimum of the Fine Table (Item 13(b)) and the greater maximum above (Item 13(a) or 13(b))).   Minimum: $ _____   Maximum: $ _____

**d. Ability to Pay**

☑ Check this box if the defendant does not have an ability to pay.

### 14. Special Assessments for Individual Defendants (See §5E1.3)

Enter the total amount of the statutory special assessments required for all counts of conviction:
- $100 for each felony count of conviction.
- $25 for each Class A misdemeanor count of conviction.
- While not subject to guideline sentencing, the special assessments for a Class B misdemeanor, and a Class C misdemeanor or infraction are $10 and $5 per count, respectively.

**TOTAL:** $100

### 15. Factors That May Warrant a *Departure* (See §1B1.1(b))

Consider Chapter Five, Part H (Specific Offender Characteristics) and Part K (Departures), and other policy statements and commentary in the *Guidelines Manual* that might warrant consideration in sentencing. (*See also* the "List of Departure Provisions" included in the *Guidelines Manual* after the Index).

_____
_____
_____

### 16. Factors That May Warrant a *Variance* (See §1B1.1(c))

Consider the applicable factors in 18 U.S.C. § 3553(a) taken as a whole.

_____
_____
_____

Completed by: Robert Jerome White   Date: 2/27/2019